A. Franklin Mahoney, J.
This is a special proceeding brought by a judgment creditor seeking an order directing the Sheriff of Ulster County to pay over the sum of $5,441.04 plus interest from surplus moneys held by the Sheriff as the result of an execution sale of realty owned by the judgment debtor respondent on June 1, 1971.* The petitioner obtained a judgment against the debtor respondent on May 16, 1968 in Supreme Court, Wayne County, New York and filed it with the Clerk of Ulster County on February 17, 1969. The petitioner concedes that it received notice of the June 1,1971 sale by registered mail on April 20,1971 and, further, that it did not issue an execution to satisfy its judgment out of the proceeds of the sale until January 28,1972, some 13 months after notice, as provided for in subdivision (c) of CPLR 5236 and seven months after the actual sale. The Sheriff, relying on subdivision (e) of CPLR 5236 seeks dismissal of the petition. The subdivision cited provides, ‘ ‘ A judgment creditor duly notified pursuant to subdivisions *1099 (c) or (d) who fails to deliver an execution to the sheriff prior to the sale shall have no further lien on the property and, except as against the judgment debtor, no further interest in the proceeds of the sale.” Next, paragraphs 1 and 2 of subdivision (g) of CPLR 5236 direct the Sheriff to “ 1. distribute the proceeds to the judgment creditors tvho have delivered executions against the judgment debtor to the sheriff before the sale, which executions have not been returned, in the order in which their judgments have priority, and 2. pay over any excess to the judgment debtor.” (emphasis supplied).
The intent of subdivisions (c) arid (d) of CPLR 5236 is clear and precise. The statutory language can only lend itself to the construction that the Legislature intended to protect senior judgment creditors by requiring the levying judgment creditor to supply the Sheriff with a list of all judgment creditors in order of priority and that the Sheriff give notice to each of such creditors in order that they might file their executions before the sale. Thereafter, the Sheriff would distribute the proceeds to all judgment creditors who responded to the notice by filing their executions in the order of their priorities. The failure of any notified judgment creditor to file his execution before sale, obviously, precludes him from participating with other judgment creditors in the proceeds. Similarly, it is extremely doubtful if a nonfiling judgment creditor could set aside the distribution of the proceeds by the Sheriff by resorting to the provisions of CPLR 5203 which, under certain circumstances, such as excusable delay in filing an execution (a situation not existing herein), permits a stay of distribution until a petitioning judgment creditor’s execution is returned. Such a procedure would reward laches and penalize the alertness and diligence of the levying creditor. (See Supplementary Practice Commentary by Prof. Siegal, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 5236, 3972-1973 Annual Pocket Part, p. 161.)
Another issue to be resolved is whether a Sheriff, in possession of surplus moneys, is “ a person in possession or custody of money * * in which the judgment debtor has an interest ” (CPLR 5225, subd. [b]) who, upon application, would be required to pay over such money to satisfy a judgment creditor who had not filed an execution prior to the execution sale that generated the excess. In my view, the answer is no. Neither CPLR 5225 (subd. [b]) nor 5227 envisions a Sheriff as “ a person in possession * * * of money” or a person “ who is a transferee of money or other personal property from the judgment debtor ”. A Sheriff in a surplus money proceeding is not *1100 an “ adverse party ” or a “ litigant He is a “ stakeholder ” and is in possession of money by operation of law and not as a ‘ ‘ transferee ’ ’ who may be asserting a right superior to the petitioning judgment creditor.
Finally, it can be reasonably argued that since a notified judgment creditor who defaults in timely filing of his execution before sale can always proceed in another action against the judgment debtor to recover on his judgment, it would be repetitive and wasteful of time for the Sheriff to pay over the surplus money to the judgment debtor only to immediately have him become a defendant in a plenary action for recovery on the judgment. Why not invoke the provisions of CPLE 103 and conclude that since the excess moneys far exceed the amount of the defaulting judgment creditor’s judgment, it would be in the interest of justice to conclude the matter within the confines of the present petition and order the Sheriff to pay the judgment of the tardy creditor in full? There are several reasons why invocation of CPLE 103 is not called for herein. First, subdivisions (c) and (d) of CPLE 5236 were deliberately and calculatedly drawn to give notice to and protect judgment creditors generally and senior judgment creditors particularly by providing that liberal notice be given to them of any creditors’ levy of execution in order that they might protect their interests by filing their executions before sale. To conclude herein that since the excess moneys exceed the defaulting creditor’s judgment, the Sheriff should be ordered to pay it, would be tantamount to judicial disregard of a legislative mandate and, further, would remove the consequences of tardy filing after notice in all instances where the execution sale generated sufficient money to pay everybody whether they complied with the law or not. Next, recognition must be given to the legal consequences of failing to comply with the provisions of the law favorable to the defaulting party. Failure to comply results in a loss of lien on the subject property and loss of lien on the money into which the property was converted by execution sale.
The proceeding is dismissed. The court makes no finding as to what the Sheriff should do with the surplus money. That issue is not before the court.

 The surplus money amounts to $15,000. The respondent judgment debtor did not appear either personally or by attorney.